### *John Milward* v. *Richard S. Hallett.*

THE plaintiff had recovered a verdict against the
defendant, on whose part a case had been made, and
a copy served on the attorney of the plaintiff. Many
inaccuracies being observed in it, a full statement was
drawn up on the part of the plaintiff, and served on
the defendant's attorney, who, on receipt of it, ob-
jected to the informality of thus making a new case.
The usual time for objecting to the amendments hav-
ing elapsed, the attorney of the plaintiff gave notice
of argument, set the cause down for hearing, and
served copies of the cases he had drawn up.

*Caines*, on an affidavit, to which was annexed a
copy of the altered case, made on the part of the
plaintiff, and also a copy of the service of notice,
moved to bring on the argument, or that the plaintiff
have leave to enter up his judgment.

*Benson*, contra, resisted the application, contending
that the case now before the court was a new, and not
an amended case. That the rule allowing amend-
ments to be proposed, did not authorise making an
entire new case, like that on which it was wished to
proceed.

*Caines*, in reply, hoped the court would not hear-
ken to a distinction which really did not seem to have
any solidity. Every case differing from that first
served, was, in fact, an altered, or amended case.
The objection resolved itself into this, that every
amendment must be written on the same piece of pa-

per which held the case served. If so, close lines, narrow margins, and great omissions, would render every case superior to amendment, and totally exclude all, that the party who made it, might please to reject. It was, however, conceived, every variation noticed, though on a separate piece of paper, was as much an amendment, as if the diversity had been marked on the paper containing the case originally made.

*Per Curiam.* Every amendment must be on the case made, or refer to the line and page in which it is proposed to be inserted. This, not because it is less an amendment when written on a separate piece of paper, but in order to inform the judge before whom the cause was tried, where to direct his attention, in case the facts should be disputed, and not reduce him to the necessity of reading over and comparing two cases: the plaintiff can take nothing by his motion.